# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERICK D. CONWAY, # B-69610, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-0701-SMY |
| ) | |
| RANDOLPH COUNTY ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

### Introduction and Procedural History

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Court's prior Show Cause Order and Plaintiff's Motion to Reconsider. (Doc. 9).

Plaintiff filed suit on July 5, 2017. (Doc. 1). Contemporaneously, he filed a Motion for Leave to Proceed in forma pauperis ("IFP"). (Doc. 2). He filed a second Motion to Proceed IFP on July 10, 2017. (Doc. 5). The Court denied Plaintiff leave to proceed IFP on July 28, 2017 because Plaintiff did not disclose his litigation history in his motion, including 4 prior lawsuits where a strike had been assessed pursuant to 28 U.S.C. § 1915(g), and because the Court did not find that Plaintiff was in imminent danger so as to except him from the 3-strikes rule. (Doc. 8). Petitioner was directed to pay the full $400 filing fee and to show cause why his case should not be dismissed as a sanction for misleading the court. (Doc. 8). Plaintiff filed the instant Motion to Reconsider/Show Cause on August 10, 2017. (Doc. 9). To date, Plaintiff has not paid the $400 filing fee.

1

## The Motion

As noted in the Court's Show Cause Order, Plaintiff's allegations involve medical treatment he received at Menard for a broken jaw he suffered on March 30, 2017. (Doc. 1, p. 10). Although a broken jaw can be present a serious medical need, Plaintiff's Complaint indicates that the staff at Menard has sent him to an outside hospital for surgery on two occasions, suggesting that his treatment is on-going. (Doc. 1, pp. 12, 16). The gravamen of the Complaint is the delay in securing treatment initially and medical staff's decision to allegedly return Plaintiff to general population prematurely. (Doc. 1, p. 10-12, 16). While in general population, Plaintiff got into another fight, which re-injured his broken jaw, necessitating additional surgery. (Doc. 1, pp. 15-16). The Court found that the Complaint only addressed allegations of past harm, and as such, did not meet the imminent danger exception. (Doc. 8, p. 4).

The motion takes issue with the Court's conclusion that Plaintiff is not in immediate danger of imminent harm. Specifically, Plaintiff argues that his placement in the Menard infirmary places him in imminent danger of harm because infirmary staff had prematurely returned him to general population once before and were likely to do so again. (Doc. 9, p. 3). If returned to general population, the other inmates would place Plaintiff in imminent danger of re-injuring his jaw. (Doc. 9, p. 4). Plaintiff's latest filing with the Court, dated November 1, 2017, indicates that he is still in the healthcare unit. (Doc. 15, p. 2).

Plaintiff's Motion to Reconsider also indicates that it is also Plaintiff's response to the Court's Show Cause Order. (Doc. 9, p. 1). He argues that his case should not be dismissed for misleading the Court because the form asks whether Plaintiff had filed other lawsuits related to his imprisonment, and Plaintiff interpreted that to include only Eighth Amendment claims regarding prison conditions. (Doc. 9, p. 5). Plaintiff asserts that none of his prior lawsuits or

strikes involved prison conditions, and that therefore, he did not think it was necessary to describe them, nor did he intend to mislead the Court. *Id.*

### Discussion

Whether Plaintiff has adequately shown cause for his failure to disclose his litigation history is a close call. Plaintiff claims that the standard form contains ambiguous language—that he did not understand the phrase "relating to your imprisonment" to refer to his previously-dismissed § 1983 cases raising alleged problems with his conviction. But the Court is skeptical of Plaintiff's claim for a number of reasons. Plaintiff's prior lawsuits alleged that he shouldn't be imprisoned at all, and therefore arguably "related" to his imprisonment. Additionally, the Central District explicitly instructed Plaintiff on at least 2 occasions that "if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury." Despite this clear statement, Plaintiff moved for IFP in this case without disclosing his strikes, even though he was on notice that his prior strikes excluded him from proceeding IFP unless he could meet the imminent danger exception. Moreover, Plaintiff's argument that the Court should have interpreted the Complaint as showing imminent danger suggests that he was well aware of how the strike requirement works.

That said, the Court accepts Plaintiff's explanation that he has never filed a case based on his conditions of confinement and reasonably interpreted the language to refer to only those types of cases. As such, Plaintiff has shown cause and the Court will not dismiss this case as a sanction for failure to disclose litigation history. <u>Plaintiff is explicitly warned that in the future, he must disclose his strikes in any litigation filed while he is a prisoner in which he seeks to proceed IFP</u>. That means that Plaintiff must provide at least the following case names and

3

numbers to the Court: *Conway v. The County of Winnebago*, Case No. 07-cv-50108 (N.D. Ill., dismissed August 8, 2007); *Conway v. McDougall, et al*, Case No. 06-cv-50022 (N.D. Ill., dismissed February 17, 2006); *Conway v. Kapala, et al*, Case No. 00-cv-50411 (N.D. Ill., dismissed February 2, 2001); and *Conway v. McGraw, et al*, Case No. 16-cv-1229-SEM-TSH (C.D. Ill., dismissed September 30, 2016). <u>Failure to do so will result in dismissal</u>.

Plaintiff has also requested that the Court reconsider its ruling that he failed to adequately allege imminent danger. The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. However, the Seventh Circuit has approved of district courts construing motions pursuant to the standards in Rule 59(e) or Rule 60(b) if it appears a party is requesting relief available under those rules. *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992) ("Though [Deutsch] fails to cite any rule as the basis for his motion, the fact that it challenges the merits of the district court's decision means that it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.").

Rule 59(e) provides a basis for relief, where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989)(concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment); *McKinney v. United States*, 2008 WL 2557470 at *2 (S.D. Ill. June 24, 2008). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their positions again and again." *Berger v. Xerox Ret. Income Guar. Plan*,

231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of

judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions-no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

Plaintiff does not specify whether he brings his motion pursuant to Rule 59(e) or Rule 60(b). However, the Court does not believe that Plaintiff has met his burden under either standard. Rule 59(e) requires a party to point to an error of fact or law. Plaintiff has not identified any legal error. Rather, he appears to be arguing that the Court made a factual error in that it did not adequately consider the extent to which Plaintiff's claims established that he is in imminent danger.

The Seventh Circuit Court of Appeals has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not

6

recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

The Court finds no factual error leading to its prior conclusion. Plaintiff's insistence that he is in imminent danger because he might get released from healthcare, assigned to a dangerous housing unit, and attacked is entirely speculative. He has not alleged or submitted any doctor's order or any other evidence that suggests that he is about to be released from health care. His latest filing states that he is still in the healthcare unit. Nor has he identified a specific threat to his safety. Plaintiff's allegations of imminent danger are nothing more than an assumption on his part that because a series of events happened before, it will imminently happen again. As the Seventh Circuit has specifically held, allegations of past harm do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). If the Court were to grant IFP, it would essentially be equating past harm with future harm, effectively undercutting the imminent danger exception.

Plaintiff has not provided any other reasons for the Court to reconsider its Order pursuant to Rule 60(b). His arguments relate entirely to the imminent danger exception. As such, the Court finds that its earlier ruling that Plaintiff failed to meet the imminent danger exception is correct and therefore **DENIES** Plaintiff's Motion for Reconsideration. (Doc. 9).

## Disposition

The Court finds that Plaintiff has shown cause for his failure to disclose his litigation history. <u>Plaintiff is warned that he must disclose all litigation, including his strikes, in any future suit filed while he is still incarcerated.</u> Plaintiff's Motion for Reconsideration is **DENIED**. (Doc. 9). Plaintiff shall pay the full filing fee of $400.00 for this action within twenty-one (21) days of the date of entry of this Order (on or before November 27, 2017). If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed.

7

**IT IS SO ORDERED.**

**DATED: November 2, 2017**

s/ STACI M. YANDLE
United States District Judge
