# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERICK D. CONWAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-0701-SMY |
| RANDOLPH COUNTY, ILLINOIS, MENARD CORRECTIONAL CENTER, S. NEWBOLD, A. STOREY, SEAVERS, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 5, 2017, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983, asserting claims against Defendants for deliberate indifference to his serious medical needs. Plaintiff also moved to proceed in forma pauperis ("IFP") at that time. (Doc. 2). The Court determined that Plaintiff had "struck out" pursuant to § 1915(g) and was no longer authorized to proceed IFP without a showing of imminent danger. (Doc. 8). The Court further found that Plaintiff was not in imminent danger at the time he filed his Complaint, and directed him to pay his filing fee no later than August 18, 2017. (Doc. 8).

Instead of paying his filing fee as directed, Plaintiff moved to reconsider. (Doc. 9). The Court denied the motion and directed Plaintiff to pay the filing fee no later than November 27, 2017. (Doc. 16). Plaintiff then moved to reconsider and for an extension of time until January 9, 2018; the Court granted the extension. (Doc. 18). However, in lieu of paying his fee, Plaintiff

1

filed a third motion to reconsider. (Doc. 19). After the Court denied that motion, Plaintiff filed a Notice of Appeal regarding the Court's denial of his Motion to Proceed IFP. (Doc. 23). The Seventh Circuit issued a mandate denying the appeal for failure to pay the filing fee on April 12, 2018. (Doc. 33).

Plaintiff's deadline to pay the filing fee in this case was January 9, 2018. (Doc. 20). He has not paid the filing fee to date. The Court has extended the deadline to pay the fee 3 times. As Plaintiff has requested no further extensions, and has failed to pay the filing fee in this action pursuant to an Order of the Court, this case will be dismissed. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**, based on Plaintiff's failure to comply with this Court's Order to pay the filing fee for this action on or before the most recent extension of January 9, 2018. (Doc. 18). This dismissal shall not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-

26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Further, because he has "struck out" and has not demonstrated imminent danger of serious physical injury, Plaintiff's request for IFP status on appeal will be denied by this Court, if he does choose to appeal. If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

s/ STACI M. YANDLE
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).